GRANITE BITUMINOUS PAVING COMPANY, Respondent, v. PARKVIEW REALTY & IMPROVEMENT COMPANY et al., Appellants.

### No. 12560.

**St. Louis Court of Appeals, December 3, 1912.**

1. **SPECIAL TAXBILLS: Enforcement: Parties Defendant: Purchaser at Foreclosure of Prior Incumbrance: Charter of St. Louis.** Where, within the two-years period of limitation prescribed by section 25 of article 6 of the Charter of the city of St. Louis, the purchaser of real estate, under foreclosure of a mortgage, was made a party defendant in an action to enforce a special taxbill for street improvements, issued against said real estate pursuant to said Charter, after the execution of said mortgage, the fact that the beneficiaries in said mortgage were

not made parties defendant would be immaterial even though it were true that they would have been necessary parties had said sale not taken place, since their interest passed to said purchaser, who was made a party defendant; and hence the question of the validity of the lien, notwithstanding the nonjoinder of prior incumbrancers, determined in Granite Bituminous Paving Company v. Parkview Realty and Improvement Company et al. (No. 12563), *ante,* is not in the case.

2. **APPELLATE PRACTICE: Questions Reviewable: Special Taxbills: Amendment.** The amendment of a special taxbill for street improvements, so as to name a different person as owner of the property assessed from that originally set out, is immaterial, where no question is raised as to the validity of the amendment, and where, in a proceeding to enforce the taxbill, no objection is made to its admission in evidence, as amended.

Appeal from St. Louis City Circuit Court.—*Hon. Eugene McQuillin,* Judge.

JUDGMENT MODIFIED AND AFFIRMED AND CAUSE REMANDED (*with directions*).

*Bland & Cave* and *Carter, Collins, Jones & Barker* for appellants.

*Sturdevant & Sturdevant* and *Charles W. Bates* for respondent.

## ON MOTION FOR REHEARING.

R. E. ROMBAUER, SPECIAL JUDGE.—The record in this cause is identical with the record in cause 12,563, in which an opinion has been filed today, except in three respects, namely:

First, that the amount of the special taxbill sued upon was only for $160.81; second, that the taxbill as originally issued was subsequently amended by the comptroller, so as to insert the name of the Parkview Realty Company as owner—the bill originally issued being one against the United Railways Company alone; third, notice and demand of payment was served on the Parkview Realty & Improvement Com-

pany named *as owner* in the special taxbill on February 28, 1907, and not before.

Section 25 of article 6 of the Charter of the city of St. Louis provides the conditions under which a special taxbill matures. The maturity of any instalment of the bill, or of the entire bill, as may be, is thirty days after notice is served on the owner; hence the special taxbill sued upon in this case matured, as against the Parkview Realty Company, on March 30, 1907. The Nina Realty Company, which is the successor in title of the Parkview Realty & Improvement Company as well as of all the beneficiaries of the two mortgages of the Parkview Realty Company to the Lincoln Trust Company, was made a party defendant in the case on March 28, 1907, and within two years after the taxbill matured against the Parkview Realty Company and those claiming under it.

Since it cannot be claimed on any rational theory that the beneficiaries in a deed of trust or mortgage are necessary parties defendant to a suit for its enforcement, after its foreclosure, and when the legal and beneficial title alike have vested in the purchaser at foreclosure sale, and since the purchaser—namely the Nina Realty Company—was made a party defendant within two years after the maturity of the bill, the question of limitation does not arise in this case.

That the special taxbill was amended so as to name the Parkview Realty & Improvement Company as owner is of course immaterial, since no question is raised as to the validity of the amendment and no objection was made by defendant to the admission of the amended taxbill as evidence.

The same error appears by the record in making the judgment bear eight per cent interest from date of its rendition as in case 12,563.

It is therefore ordered that the motion for rehearing be sustained, and that so much of the judg-

ment entry as contains the words "with interest at the rate of eight per cent per annum from the date of judgment until paid" be stricken from the record, and that the judgment as thus amended be affirmed, and that the cause be remanded to the trial court to proceed in conformity with this opinion. *Reynolds, P. J.* and *Nortoni, J.,* concur. *Caulfield, J.,* not sitting.